**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GREGORY NEAL GRIMES, | No. 08-16823 |
| Plaintiff - Appellant, | D.C. No. 5:05-cv-01824-RS |
| v. | |
| UNITED PARCEL SERVICE, | MEMORANDUM * |
| Defendant - Appellee. | |

|  |  |
|---|---|
| GREGORY NEAL GRIMES, | No. 08-17525 |
| Plaintiff - Appellee, | D.C. No. 5:05-cv-01824-RS |
| v. | |
| UNITED PARCEL SERVICE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Magistrate Judge

Argued and Submitted January 13, 2010
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: NOONAN, HAWKINS and M. SMITH, Circuit Judges.

Gregory Grimes ("Grimes") brought suit against United Parcel Service ("UPS") in state court, alleging, *inter alia*, disability discrimination and related claims under California's Fair Employment & Housing Act ("FEHA"). UPS removed the action to federal court on the basis of diversity jurisdiction. Following partial summary judgment, trial, and partial settlement, the district court entered final judgment in favor of UPS. Grimes now appeals the district court's grant of summary judgment to UPS on his rehire claim. Grimes also appeals several of the magistrate judge's evidentiary rulings at trial. UPS appeals the district court's order denying its motion for costs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the district court's grant of summary judgment on the rehire claim and remand for further proceedings. We affirm the magistrate judge's evidentiary rulings at trial. We dismiss as moot UPS's appeal of the district court's order on costs.

We review the grant of summary judgment de novo, *see, e.g.*, *Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197, 1207 (9th Cir. 2009), and we view the evidence in the light most favorable to the non-moving party, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). We review for abuse of discretion evidentiary rulings at trial, reversing only if the error was prejudicial. *Harper v.*

2

*City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008). As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision.

The district court erred in granting summary judgment in favor of UPS on Grimes's rehire claim.[1] Claims under the FEHA for disability discrimination follow the familiar burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Guz v. Bechtel Nat'l, Inc.* 8 P.3d 1089, 1113 (Cal. 2000). Grimes met his burden to establish a prima facie case. *See id*. UPS articulated a legitimate, non-discriminatory reason for failing to rehire Grimes, satisfying its burden of production. *Raytheon v. Hernandez*, 540 U.S. 44, 49 n.3 (2003); *see Guz*, 8 P.3d at 1114. At the final step of the burden-shifting framework, Grimes created a triable issue of fact as to whether UPS's stated reason for failing to rehire him – that there were no available jobs – was a pretext for disability discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000); *Guz*, 8 P.3d at 1114, 1117-18; *see also Scotch v. Art Inst., Inc.*, 93 Cal. Rptr. 3d 338, 355-56 (Ct. App. 2009) (describing pretext).

---

[1]We have considered UPS's remaining arguments in support of summary judgment – that Grimes's claim is time-barred, that his discriminatory re-hire claim is not independently actionable, and that the jury "decided" the re-hire claim – and find them without merit.

3

Grimes presented the following evidence in support of his claim. UPS was aware of Grimes's disability and that Grimes had been cleared to return to work following his termination from UPS. Grimes sent a letter to UPS Workforce Planning Manager Gary Hollandsworth, stating that he wanted to be rehired at UPS. That letter did not mention any restrictions on geographic location or the type of position Grimes would accept. Hollandsworth responded to Grimes, writing that "there are no openings currently and there are no plans in the immediate future for outside hiring." Unbeknownst to Grimes, the "Rehire Status" box in his personnel record was checked "No." Grimes provided evidence that there were job openings at UPS for which he was qualified, including postings advertised on the internet. After he received Hollandsworth's letter, Grimes wrote a second letter to Hollandsworth, expressing his surprise at the assertion that there were no jobs. Several months later, Grimes again sent a letter to Hollandsworth, requesting to be considered for re-employment. Grimes never received a response. A rational trier of fact could infer that UPS had a discriminatory motive in failing to rehire Grimes. *See Reeves*, 530 U.S. at 147; *Guz*, 8 P.3d at 1114. Accordingly,

4

we reverse the grant of summary judgment on the rehire claim and remand for further proceedings.[2]

Turning to the magistrate judge's evidentiary rulings at trial, we find no abuse of discretion. To reverse on the basis of an erroneous evidentiary ruling, the court must conclude that the lower court abused its discretion and that the error was prejudicial. *See Harper*, 533 F.3d at 1030. Much of the excluded evidence related to the availability of jobs subsequent to Grimes's termination. It was not relevant to the only claims at trial: failure to provide reasonable accommodation and failure to engage in the interactive process. Even if some of the excluded evidence were relevant, Grimes has failed to show that the excluded evidence "more probably than not" tainted the verdict. *Id.* Accordingly, we affirm the magistrate judge's evidentiary rulings at trial.

Finally, given our reversal of the district court's grant of summary judgment on the rehire claim, we dismiss as moot UPS's appeal of the district court's order denying costs. *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1494 (9th Cir. 1996).

In appeal No. 08-16823, the grant of summary judgment on the rehire claim is REVERSED and REMANDED for further proceedings consistent with this

---

[2]Grimes's challenge to the magistrate judge's denial of the motion for reconsideration is moot. *See, e.g.*, *Swirsky v. Carey*, 376 F.3d 841, 853 n.24 (9th Cir. 2004).

5

opinion and the evidentiary rulings at trial are AFFIRMED.  Appeal No. 08-17525

is DISMISSED AS MOOT.  Costs on appeal are awarded to Grimes.